NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ROBERT REICHARD, Debtor; EIRCKA RAE REICHARD, Debtor, <br><br> Appellants, <br><br> v. <br><br> RUSSELL A. BROWN, Chapter 13 Trustee, <br><br> Appellee. | No. 20-15661 <br><br> D.C. No. 2:19-cv-02010-DJH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted November 16, 2020**
Phoenix, Arizona

Before:  BYBEE, MURGUIA, and BADE, Circuit Judges.

John Robert Reichard and Eircka Rae Reichard (collectively, Reichards)

appeal the district court's judgment affirming the bankruptcy court's decision to

deny confirmation of their Chapter 13 plan.  We have jurisdiction pursuant to 28

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. §§ 158(d)(1) and 1291.  We review de novo the "district court's decision on appeal from a bankruptcy court." *In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 995 (9th Cir. 2020) (citation omitted).  We give no deference to the district court's decision and conduct our own independent review of the bankruptcy court's decision. *Id.*  We affirm.

1.      The Reichards argue that the bankruptcy court erred by denying confirmation of their proposed Chapter 13 plan on the ground that it did not include a provision requiring them to provide their tax returns to the Trustee, as District of Arizona Local Form 2084-4(F) requires.  The Reichards argue that Local Form 2084-4(F) is inconsistent with an Act of Congress and certain bankruptcy rules and, therefore, violates Rule 9029(a)(1) of the Federal Rules of Bankruptcy Procedure and is invalid.

Rule 9029(a)(1) prohibits local rules that are either not "consistent with," or are "duplicative of," Acts of Congress or the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 9029(a)(1); *In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007).  A local rule is not consistent with another law when it is "incompatible" with it.  *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018).

The Reichards argue that Local Form 2084-4(F) is not consistent with 11 U.S.C. § 521, which allows a trustee to obtain a debtor's tax returns from the

2

court but imposes procedures for the protection of return information. The Reichards assert that Local Form 2084-4(F) is inconsistent with the "specific statutory scheme" § 521 creates "for the turnover and handling of [a] debtor's income tax returns." But § 521 is not the exclusive means by which a trustee can gain access to a debtor's tax returns. *See, e.g.*, Fed. R. Bankr. P. 2004; *id.* 7034. And because § 521 is not the only method for a trustee to obtain a debtor's tax returns, Local Form 2084-4(F) is not incompatible with § 521 simply because it provides another method for a trustee to obtain this information.[1] We therefore conclude that Local Form 2084-4(F) is not inconsistent with § 521 such that it violates Rule 9029(a)(1).

The Reichards also argue that Local Form 2084-4(F) is invalid because it imposes requirements that differ from the requirements of the Bankruptcy Code and the bankruptcy rules. But Rule 9029(a)(1) provides that a local rule must be both "consistent with," and "not duplicative of," the Code and bankruptcy rules. Fed. R. Bankr. P. 9029(a)(1); *Healthcentral.com*, 504 F.3d at 784. Accordingly, to be valid, a local rule—by Rule 9029(a)(1)'s terms—must differ at least somewhat from the Code and bankruptcy rules. Consequently, the Reichards' argument that

_____

[1] The Reichards contend that Local Form 2084-4(F) violates Rule 9029(a)(2) because it affects their purported substantive privacy rights under § 521. However, Local Form 2084-4(F)'s requirements are separate and apart from § 521's provisions and thus any privacy concerns that may be implicated by § 521 are not applicable.

Local Form 2084-4(F) is invalid because it is not duplicative of the Code and bankruptcy rules fails.

The Reichards also assert that Local Form 2084-4 is not consistent with Rules 3015(c) and 3015.1(e) of the Federal Rules of Bankruptcy Procedure. However, the Reichards waived this argument by failing to raise it in the bankruptcy court. *See In re Mortg. Store, Inc.*, 773 F.3d 990, 998 (9th Cir. 2014). Although it is within our discretion to consider an argument that was not raised before the bankruptcy court, *see id.*, we decline to do so here.

Accordingly, we conclude that the bankruptcy court did not err in denying confirmation based on the Reichards' failure to include a provision in the proposed Chapter 13 plan requiring them to provide their post-petition tax returns to the Trustee, as Local Form 2084-4(F) requires.

2.      The Reichards also contend that the bankruptcy court erred by denying confirmation on the ground that the proposed confirmation order differed from the noticed plan and thus did not comply with 11 U.S.C. § 1325(a) because of the Reichards' failure to provide notice of the difference. However, because we have determined that the bankruptcy court did not err in denying plan confirmation on the ground that the proposed plan did not comply with Local Form 2084-4(F), we do not need to resolve this issue. *See Bazemore v. Friday*, 478 U.S. 385, 387

4

n.2 (1986) (per curiam); *Rodis v. City, County of San Francisco*, 558 F.3d 964, 970 (9th Cir. 2009).

**AFFIRMED.**